PINE BLUFF & WESTERN RAILROAD COMPANY *v.* McCASKILL.

Opinion delivered November 23, 1908.

1. INSTRUCTIONS—CONFLICT—REPETITION.—It was not error to refuse an instruction which either conflicted with other proper instructions given or was fully covered by them. (Page 180.)

2. DEPOSITIONS—AUTHORITY OF CLERK TO TAKE.—Depositions taken in a proper case by the clerk of the circuit court under the directions of that court are not invalidated because the court's order styled the clerk "a commissioner," since the clerk as such is authorized by Kirby's Digest, § 3162, to take depositions. (Page 180.)

3. SAME—REASONABLE NOTICE.—A notice to take depositions on the day the notice was given is sufficient if it gave the adverse party reasonable opportunity to attend. (Page 181.)

4. SAME—VERBAL NOTICE—WAIVER—The objection that a notice to take depositions was not in writing as provided by the statute (Kirby's Digest, § 3167) was waived where the adverse party attended the examination of the witness and cross-examined him.

5. TRIAL—DELAY FOR PURPOSE OF TAKING PARTY'S DEPOSITION.—It was within the court's discretion to postpone a trial until the plaintiff's deposition could be taken.

Appeal from Grant Circuit Court; *W. H. Evans,* Judge; affirmed.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

1. There is no statutory provision for taking the testimony of a witness in the unusual manner adopted in taking the appellant's deposition in this case. While the statute permits the taking of a witness' deposition on account of infirmities, etc., that must be upon notice. It does not authorize the procedure followed here.

2. The court erred in refusing the fourth instruction requested by appellant. Certainly, the mere fact that appellee received a fall, and that the injuries were received while she was going on the train, did not entitle her to recover, but there must have been negligence on the part of appellant, either in the failure to perform some duty, or in performing it in a negligent manner. Other instructions given authorized the jury to find for plaintiff, if they found defendant guilty of negligence. Hence this instruction was necessary. 85 Ark. 117.

*Nixon & Shaw,* for appellee.

1. The statute authorizes the taking of the deposition of a witness, in case of infirmity, etc. Kirby's Digest, § 3157. The witness lived within three blocks of the court house, hence the statutes with reference to notice, while not in this case in writing, were substantially complied with. *Id.* § § 3166, 3172. Appellant by counsel appeared and took part in the examination. It can not now complain. 15 Ark. 491; 9 Ark. 418; 87 Ark. 243.

2. The fourth instruction requested was fully covered by another given at appellant's request. The record ought not to be incumbered by a multiplicity of instructions announcing in effect the same legal principle. 43 Ark. 193; 51 Ark. 147; 52 Ark. 181; 46 Ark. 141; 34 Ark. 383.

McCULLOCH, J.    Mrs. M. E. McCaskill became a passenger on one of appellant's trains, and sues to recover damages for injuries alleged to have been received by reason of negligence of appellant's servant while she was boarding the train at Pine Bluff. Her contention, as set forth in her complaint and the testimony adduced in support of it, is that she was ascending the steps of the train with a suit case in her hand, and that the train porter undertook to assist her, and, while so doing, grasped hold of the suit case and negligently shoved it with sudden and violent force against her, so as to throw her down on the step or platform of the coach, thus inflicting serious injuries. Appellant's contention is that appellee tripped herself while ascending the steps of the coach by treading on her skirts, and that if she received any injury at all it resulted from that accident, and not on account of any negligence on the part of the train porter. There was evidence sufficient to sustain either theory.

The court submitted the case to the jury on instructions requested by each party, telling the jury in substance that, while it was not the duty of the train porter to assist appellee in getting on the train, yet, if he undertook to do so, it was his duty to exercise ordinary care, and that appellant would be responsible for any damage resulting from his negligence in this respect. Other instructions, given by the court at appellant's request, told the jury that, unless the alleged injury resulted from negligence on the part of the porter, or if it resulted from appellee's own negligence, the company would not be liable, and that the burden of proof was on appellee to prove that the injury was caused by a neglect of the porter.

In addition to this, appellant requested the court to give the following instruction, which was refused:

4. "If you believe from the evidence that the plaintiff did, in getting upon defendant's train, fall and was injured thereby, then, before she is entitled to recover against the defendant in this case, she must prove by a preponderance of the evidence that the defendant or its employees were guilty of negligence, either in omitting to perform some duty, or in the performance of such duty it owed the plaintiff, of which plaintiff complains, in boarding its said train which caused the injury."

This instruction was properly refused because it conflicts with the other instructions in stating that, in order to render appellant liable, there must have been negligence in the performance of a duty which it owed to appellee. The other instructions told the jury that it was not the duty of the porter to assist the passenger in boarding the train, and the jury might have understood from the above refused instruction that there was no negligence on the part of the porter because he owed the passenger no duty to assist her. This put it in conflict with the other instructions, which stated that, while it was not the duty of the porter to assist the passenger in getting on the train, yet if he undertook to do so he must exercise ordinary care. If the refused instruction be not susceptible of that interpretation, it is fully covered by other instructions given to the jury, and no prejudice resulted from the court's refusal to give it.

Other refused instructions were, we find, fully covered by those given, and there was no error committed by the court in its charge or in refusing instructions.

On the day the case was set for trial in the circuit court appellee's attorneys presented to the court a petition asking that the court designate a commissioner before whom her deposition could be taken, on the ground that by reason of physical infirmity she was unable to attend the session of court. The court granted the prayer of the petition and appointed the clerk of the court as commissioner to take the deposition. Said commissioner, together with the respective attorneys for both parties in the case, repaired to appellee's residence, where her deposition was taken by examination in chief and cross-examination. On the same day both parties announced themselves ready for trial, a jury was impanelled, and the trial proceeded. When the deposition of appellee was offered, appellant objected to its introduction, but the court overruled the objection and allowed the deposition to be read. Learned counsel for appellant assigned this ruling as error, and insist upon it here, but they point out no reason for the objection, further than to say that the method of taking the deposition is novel and unusual and not expressly authorized by statute.

The statute provides that depositions of witnesses may be read in all actions, either in equity or at law, "where from age,

infirmity or imprisonment, the witness is unable to attend court."
Kirby's Digest, § 3157. No contention is made that appellee's
physical condition was not such as to fall within the provision of
this statute. The statute further provides that depositions may
be taken upon reasonable notice, which must be in writing.
Kirby's Digest, § 3166 *et seq.* It is therefore seen that the tak-
ing of the deposition was clearly authorized by statute, though
there is no provision for the appointment of a commissioner by
the court for the taking of a deposition under such circumstances.
The appointment, however, did not affect the validity of the
deposition, as the clerk of the court was authorized by statute
to take depositions. Kirby's Digest, § 3162.

The notice was reasonable, as it gave the adverse party rea-
sonable opportunity to attend. It was not in writing, as provided
by statute, but that was waived by attendance at the examination
and by cross-examination of the witness. *Caldwell* v. *McVicar,*
9 Ark. 418.

The court's action in delaying the trial until the deposition
could be taken was a matter of discretion, the exercise of which
will not be disturbed where no abuse of it nor prejudice there-
from is shown.

No error being found, the judgment is affirmed.